UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

KENISHA MOORE                                    **DOCKET NO.:**

                                     Plaintiffs,

                  -against-                      **COMPLAINT**

THE COUNTY OF NASSAU, THE NASSAU COUNTY
SHERIFF'S DEPARTMENT, SERGEANT RAY COTTO,
in his individual and official capacity CORRECTION OFFICERS
JOHN/JANE DOES 1-8, in their individual and official capacities,

                                                 _**JURY TRIAL DEMANDED**_

                                     Defendants.

--------------------------------------------------------------------------X

PLAINTIFF KENISHA MOORE (hereinafter "Ms. Moore" or "Plaintiff") by and through her attorneys, the LAW OFFICES OF FREDERICK K. BREWINGTON, as and for her Complaint, states and alleges the following against the above named Defendants.

## PRELIMINARY STATEMENT

1. This is a civil action seeking monetary relief from THE COUNTY OF NASSAU, THE NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT RAY COTTO, NASSAU COUNTY CORRECTION OFFICERS JOHN/JANE DOES #1-8, in their individual and official capacities, all of whom are known by name by Defendants, but are not known to Plaintiff, for committing acts under color of law and depriving Plaintiff of her rights secured by the Constitution and laws of the United States and the State of New York. Plaintiff alleges that Defendants without probable cause used unnecessary force, inflicted physical and emotional harm, and negligently, intentionally, and without cause, falsely arrested, malicious prosecution, falsely imprisoned, and stripped searched Plaintiff, causing physical harm and pain and suffering, all in violation of her constitutional and civil rights.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

3. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391, based on the fact that Plaintiffs reside in Nassau County, New York and the Defendants are conducting business in the State of New York, specifically Nassau County.

## PARTIES

4. PLAINTIFF KENISHA MOORE (hereinafter "Ms. Moore" or "Plaintiff") is a Black/African- American woman, and at all relevant times to this Complaint resided in Nassau County, New York.

5. Defendant COUNTY OF NASSAU (hereinafter "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

6. Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF DEPARTMENT"or "NCSD") is an agency of NASSAU COUNTY.

7. Upon information and belief, NASSAU COUNTY CORRECTION OFFICERS JOHN/JANE DOES #1-5 (hereinafter "CORRECTION OFFICERS JOHN DOES #1-8") were at all times herein mentioned correction officers, employed by the COUNTY and SHERIFF'S DEPARTMENT under the direction of COUNTY and SHERIFF'S DEPARTMENT ,and were acting in futherance of the scope of their employment, acting under the color of law, to wit ner color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or

2

the COUNTY and SHERIFF'S DEPARTMENT. Defendants are sued in their official and individual capacities all of whom are known by name by Defendants, but are not known to Plaintiff.

8.      Defendant SERGEANT RAY COTTO (hereinafter "SGT COTTO"), was at all times herein mentioned a supervision member of the Nassau County Sheriff's Department, employed by the COUNTY and SHERIFF'S DEPARTMENT under the direction of COUNTY and SHERIFF'S DEPARTMENT and DEFENDANT SERGEANT RAY COTTO was acting in furtherance of the scope of his employment, acting under color of law, to wit under color of statutes, ordinances, regualtions, polices, customs and usages of the State of New York and/or the COUNTY and SHERIFF'S DEPARTMENT.

9.      Upon information and belief each of the individual Defendants named herein and all of whom are known by name by Defendants, but are not known to Plaintiff, are Caucasian.

**FACTUAL ALLEGATIONS**

10.      On October 23, 2020, at or around 12pm, Ms. Moore arrived to Nassau County Correctional Center, in hopes of visiting her friend, Mr. Kevin Small, who was expecting her.

11.      Ms. Moore, arrived alone after being dropped off by an Uber.

12.      Upon her arrival , Ms. Moore followed the usual procedure, she waited in line and the requirement of going through the metal detector, and requested to visit Mr. Small.

13.      She was given a key to a locker and placed her purse in the locker.

14.      After placing her belongings in the locker, Ms. Moore used the restroom, while in the restroom, she missed the first group to be escorted to the visiting area. She was then told to wait in the lobby for admittance.

3

15.    While waiting in the lobby, Ms. Moore was subjected to inspection by a canine under the control and direction of a member of the Nassau County Sheriff's Department.

16.    After being subject to inspection by canine, Ms. Moore was ordered come with the officers and then was escorted to a side room in a common area behind intake for an additional search.

17.    Defendant CORRECTION OFFICER JOHN DOE #1 commanded Ms. Moore to remove her shoes and socks, and wig. Fearing for her safety Ms. Moore followed the command.

18.    Ms. Moore was then required to "assume the position" by facing a glass wall, spreading her feet and then placing her hands on the wall. This search was conducted by Defendant Correction Officers in plain and open site to a common area with no sense of privacy.

19.    After this already invasive search, Ms. Moore was then subject to a strip search by Defendant Corrections Officers John and Jane Does #1-8.

20.    During the strip search, in the presence of male officers, Defendant Correction Officers John Does #1-6, along with DEFENDANT SGT COTTO present, the officers touched Ms. MOORE and as her pants waistline was pulled her pants and panties were exposed so that all the officers could look in the back of Ms. Moore's panties.

21.    DEFENDANT CORRECTION OFFICE JOHN DOE #2 then used great force and pressure to slam Ms. Moore against the wall, he then dug his hand into the upper part of the right side of Ms. Moore's back which caused extreme pain.

22.    Defendant Jane Doe #1, then manually inspected Plaintiff's breasts requiring her to expose her breasts and her bra.

23.    Defendant Officers then conducted a search of Ms. Moore's purse and wallet, taking

4

them completely apart. Plaintiff's purse contained spiritual oils which the defendants handled and searched with a scanning device. Defendants then proceeded to take pictures of Ms. Moore and her belongings.

24.    Nassau County Police Department rules recognizes and defines "Strip Search" as "the removal or rearrangement of any clothing which permits inspection of the genitals, buttocks, anus, or female breasts." [1]

25.    Pursuant to Nassau County Police Department rules, the conducting of strip searches are to be conducted only when: "there is reasonable suspicion that a person is concealing a weapon, dangerous instrument, contraband, evidence of an offense, or any other instrument, article or substance that may facilitate escape, and there is no other reasonable method to obtain the items unless a strip search is undertaken without delay." [2]

26.    Ms. Moore was in utter humiliation and shock because she felt that the strip search was extremely demeaning, especially since she had committed no crime.

27.    There was no reason or justification for Ms. Moore to be subjected to a strip search. This unreasonable, incursive and unwarranted strip search was in violation of Ms.Moore's rights.

28.    This furthered the humiliation and embarrassment Ms. Moore had to wrongfully endure. None of which was authorized by law or justified in any way.

29.    Plaintiff was then handcuffed very tightly against her will, while Defendants looked up information in their "system". Defendants then stated " You haven't been in trouble for a long

---

[1] Article 17, Rule 3.3(b) of the NCPD Rules relating to Prisoner Search and Strip Searches.

[2] Article 17, Rule 3.3 ( c) of the NCPD Rules relating to Strip Search Justification.

5

time Ms. Moore."

30.    During the time Ms. Moore remained in handcuffs, while Defendant Correction officer #3 told Ms. Moore she was not under arrest, another officer Defendant Correction Officer #4 told Plaintiff that they were going to lock her up and put her in the back. This caused great fear and distress to Ms.Moore, as she knew she had done nothing wrong.

31.    When the search was complete nothing illegal was found and no items were confiscated from Ms. Moore.

32.    After being wrongfully detained and searched by Defendants County and Correction Officers, Plaintiff was then disallowed from conducting her visit with Mr. Kevin Small and told to leave the jail.

33.    Ms. Moore was confused as to why she was once again disallowed to conduct a visit with Mr. Kevin Small.

34.    Just one week prior to this incident Plaintiff attempted to visit Mr. Kevin Small, she was subjected to a similar search where she was made to remove her wig, belt, and open her pants and shirt. After that search, nothing illegal was found or confiscated yet she was told her visit was denied and to leave the jail without reason.

35.    Following her rejection from the facility, on or about October 25, 2020, Ms. Moore was in so much pain after being pushed so violently in her back that she had to go to Mercy Hospital due to the pain she was experiencing.

36.    Plaintiff was diagnosed with a back contusion after receiving x-rays. Plaintiff then followed up with specialist where she received more x-rays, an MRI and began physical therapy twice a week. Most recently, Ms. Moore has had to undergo surgery on her back.

6

37.    After having her freedom taken from her, being handcuffed, being made to suffer pain, and being subjected to an invasive strip search, Ms. Moore attempted to visit Mr. Smalls again on October 26, 2020 and was denied receiving notice that she was banned from the facility.

38.    On October 23, 2020, Ms. Moore should have never been wrongfully confined and handcuffed with excessively tight handcuffs by Defendants for no lawful reason.

39.    On October 23, 2020, Ms. Moore should have never been wrongfully strip searched by Defendants. Such an unlawful, invasive, and demeaning experience had occurred to Ms. Leith just one week prior, and it should have never happened to begin with.

40.    Plaintiff was subjected to being strip searched without legal cause or justification. Defendant County through Defendant Sgt. Cotto and other NCSD Correction Officers, intentionally targeted and racially profiled Ms. Moore on the basis of her being African American. Inexplicably, Ms. Moore was still denied her visit, even when the search was fruitless.

41.    Prior to Plaintiff having been strip searched she had committed no crime or violation of law. There was no reasonable basis upon which a strip search and termination of her visit would be justified or supported.

42.    Defendants Cotto and other NCSD Correction officers whose names are unknown abused their authority by, confining, detaining, and strip searching Ms. Moore. In doing so, Defendants caused serious and unjustifiable harm to Ms. Moore.

43.    All Defendants acting under the color of law, Plaintiff assert the following causes of action against Defendants Cotto and other NCSD Correction officers whose names are unknown.

7

## AS FOR THE FIRST COUNT
## 42 U.S.C. § 1983- FIRST AND FOURTEENTH AMENDMENT
## VIOLATIONS OF PLAINTIFF'S FREEDOM OF ASSOCIATION

44.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 of this *Complaint* with the same force and effect as though fully set forth herein.

45.     The wrongful conduct against Plaintiff by DEFENDANT'S COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8, caused a deprivation of Plaintiff's rights, privileges, and/or immunities secured by the First and Fourteenth Amendment of the United States Constitution. Defendants violated Plaintiff's Rights to freedom of association and discriminated against Ms. Moore based upon her association with Mr. Kevin Small.

46.     DEFENDANT'S COTTO, and, CORRECTIONS OFFICERS JANE/JOHN DOES #1-8, verbally intimidated, physically assaulted and wrongfully strip searched, plaintiff, based upon her relationship with Mr. Small. The animus against Ms. Moore because of her relationship with an inmate was initially revealed when the defendants denied Ms. Moore her visitation rights even after their strip search of her revealed nothing.

47.     Plaintiff was denied privileges and immunities because of her relationship with Mr. Small. The decision by DEFENDANT'S COTTO, and, CORRECTION OFFICERS JANE/JOHN DOES #1-8 and  to subject Plaintiff to the force and subject Plaintiff to the invasive search but for her relationship with Mr. Small all of which demonstrated disrespect, disdain and in actions which were clearly abusive.

48.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants COUNTY, SHERIFF'S DEPARTMENT

8

COTTO, and CORRECTION OFFICERS JANE/JOHN DOES #1-8, collective Defendants unjustifiably allowed, encouraged and condones the abuses, assaults, battery, harassment, and strip search of Plaintiff, in violation of her civil and constitutional rights to lawfully associate with a inmate. Plaintiff has suffered and continues to suffer from injury, psychological harm, mental distress, humiliation, embarrassment, fear and being prevented from visiting with Mr. Small.

49. Defendants COUNTY and SHERIFF'S DEPARTMENT were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of COTTO, and CORRECTION OFFICERS JANE/JOHN DOES #1-8 with respect to the active and tacit encouragement of the continuation of the continuation of the violence, abuses, assault, harassment, strip search and lack of intervention and protection of Plaintiff in violation of her 1st and 14th Amendment Rights.

50. As a direct consequence of the actions of DEFENDANT'S COTTO, and, CORRECTION OFFICERS JANE and JOHN DOES #1-8 , acting in furtherance of their duties as agents of COUNTY and NCSD, Plaintiff suffered injuries, including but not limited to pain, suffering, fear, economic loss, stigmatization, embarrassment, harassment, loss of liberty and the infringement of her rights guaranteed to her under the U.S. Constitution.

51. As a direct consequence of the actions of the Collective DEFENDANTS, Plaintiff suffered financial loss, loss of time, loss of freedom, loss of quality of life, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

52. As a direct and proximate result of the aforesaid acts of the DEFENDANT'S COTTO, and, CORRECTION OFFICERS JANE / JOHN DOES #1-8 , Plaintiff suffered great physical harm, property damage, mental anguish and violations of rights from then until now and

she will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

53.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

54.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety,  life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR THE SECOND COUNT
## 42 U.S.C. § 1983
### First, Fourth, Fifth and Fourteenth Amendment Violations- Including but not limited to UNLAWFUL TREATMENT DUE TO RACE/Ethnicity/COLOR

55.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 54 of this *Complaint* with the same force and effect as though fully set forth herein.

56.    The DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/JOHN DOES 1-8, under the color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendment of the United States Constitution.

57.     The abusive, malicious and unreasonable actions committed by COUNTY and NCSD employees DEFENDANTS COTTO, and, CORRECTIONS OFFICERS JANE/ JOHN DOES #1-8 and   were done in furtherance of their intent to deny Plaintiff's equal protection under the law - based on her race, color and speech which  was expressive and based on their treatment of people with color by the police in Suffolk and as it was happening before this set of circumstances,  all of which is  - a matter of public concern in violation of her First, Fourth, Fifth and Fourteenth Amendment rights. This was evident in and through that actions of  DEFENDANTS COTTO, and, CORRECTION OFFICERS  JANE/ JOHN DOES #1-8  as they chose to take action through the use of force and abusive treatment against Plaintiff who was clearly a person of color who was not actively engaged in criminal behavior.

58.     The DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/JOHN DOES #1-8  failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the First, Fourth, Fifth and Fourteenth Amendment.

59.     Each named DEFENDANT knew that their respective actions were in violation of the Plaintiff's right to equal protection, free speech, to be free of excessive force and be free from abusive and intimidating actions, which  DEFENDANTS COTTO, and CORRECTION OFFICERS JANE/JOHN DOES #1-8 knew or should have known were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

60.     DEFENDANTS COTTO, and, CORRETION OFFICERS JANE/ JOHN DOES #1-8 acting within the  scope  of their  official authority as state actors,  contrary  to  the  various Constitutional and  statutory  rights  secured  to  the  Plaintiff,  and  acting  with  malicious  intent, misrepresented facts in order to justify the maltreatment and violation of the First, Fourth, Fifth and

Fourteenth Amendment right to free speech against the Plaintiff.

61.    None of the DEFENDANTS took  action to prevent the wrongful actions or intervened to stop the acts taken against the Plaintiff,  including but not limited to invasive search of Plaintiff, excessive force against the Plaintiff and abuse of process. All of these acts and failures were in violation of Plaintiff's rights to equal protection.

62.    Each of the DEFENDANTS condoned the wrongful, grossly negligent, reckless, callous, discriminatory, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

63.    Plaintiff's Fourth Amendment Rights were violated when DEFENDANTS COTTO, and, CORRECTION OFFICERS  JANE /JOHN DOES #1-8  forcefully seized Plaintiff and wrongfully and illegally used force against her and did so with no legal authority and without probable cause.

64.    Each named DEFENDANT knew that their respective actions were in violation of the Plaintiff's right to protection from said use of force and unauthorized and unreasonable searches and seizures. Each named DEFENDANT knew that their actions were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

65.    Plaintiff's Constitutional Rights were violated when DEFENDANTS COTTO, and, CORRECTION OFFICERS  JANE/ JOHN DOES #1-8 decided to use excessive force and physically abused Plaintiff by slamming  Plaintiff against the wall and using their hands to dig into her back  which was aggressively inappropriate and led to serious injury to Plaintiff.

66.    DEFENDANTS COTTO, and, CORRECTIONAL OFFICERS  JANE/ JOHN

DOES# 1-8 caused Plaintiff to be seized, placed in a dangerous, compromising position without probable cause and caused her to be deprived of her liberty, freedom from unreasonable and excessive force without due process and was further exposed to disgrace, public humiliation and embarrassment.

67.    Plaintiff's Fourteenth Amendment Rights to due process and equal protections rights were violated, as he as a African-American woman who did nothing to be subjected to maltreatment that White persons were not be subjected to.

68.    Plaintiff is an African-American woman and is a member of a protected class. DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 in committing such acts violated Plaintiff's right to substantive due process and equal protection rights, which were marked by he clear and obvious double standard and differential treatment to which Plaintiff was subjected including but not limited to abusive and disrespectful language and seizure all of which was done to Plaintiff on account of her race and color.

69.    The COUNTY and NCSD, DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 through their actions, violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution.

70.    As a direct consequence of the actions of DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 acting in furtherance of their duties as agents of the COUNTY and NCSD, Plaintiff suffered injuries, including but not limited to, physical injury, emotional distress, stigmatization, embarrassment, harassment, loss of liberty and the infringement of hers rights guaranteed to her under the U.S. Constitution.

13

71.    As a direct consequence of the of the actions of the Collective DEFENDANTS, Plaintiff suffered serious injuries, loss of time, loss of freedom, loss of quality of life, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

72.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

73.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND FOR A THIRD COUNT**

**42 U.S.C. § 1983**

**<u>UNREASONABLE AND EXCESSIVE USE OF FORCE</u>**

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 73 of this *Complaint* with the same force and effect as though fully set forth herein.

75.    On or about October 23, 2020, Plaintiff was placed in fear of her life, falsely seized, falsely detained and subjected to excessive and unreasonable use of force and unlawful search and seizure by DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8

76.    On or about October 23, 2020 and after, Plaintiff was placed in fear of her bodily

14

security and integrity and life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against her will without justification, explanation or rationale for such detention.

77.    On or about October 23,2020, while being accosted, Plaintiff was subject to excessive and unreasonable use of force, which was demeaning and harmful and in nature.

78.    On or about October 23, 2020, while being accosted subjected Plaintiff fear, mental injury, loss of function, loss of freedom, loss of use of body parts and other serious injuries, which they knew would be a likely outcome of their action and were indeed the outcomes and injuries that DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8.

79.    On or about October 23, 2020, while being detained, DEFENDANTS violently slammed Plaintiff up against a wall and dug their hands into Ms. Moore's back and otherwise subjected Plaintiff to excessive and unreasonable use of force which caused, but not limited to, injuries to her back and mental anguish being subjected to the abusive acts of, DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 loss of liberty, medical treatment, physical therapy, embarrassment, mental pain and suffering, legal fees and costs, medical costs/fees, and other monetary damages.

80.    Upon information and belief such seizure, use of force, abuse both physical and verbal was ordered and was carried out by DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8

81.    DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8, were present on October 23, 2020 in or around the vicinity of Nassau County Correctional Facility and participated in the unlawful use of force, verbal and mental abuse of Plaintiff.

15

82. DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 from the COUNTY and NCSD failed to take any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

83. Upon information and belief, such seizure, arrest, and assault was ordered, condoned and authorized by the COUNTY DEFENDANTS and DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 with a callous, deliberate indifference to Plaintiff's known constitutional rights.

84. As part of the abuses to which Plaintiff has been subjected by DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 , Plaintiff has been seized, injured, forced to get medical treatment and made to be subjected to dangerous, compromising positions for an unreasonable time without, probable cause and caused her to be deprived of her liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

85. The DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 individually and collectively knew at the time of Plaintiff's seizure, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to allow them to use force against Plaintiff or otherwise verbally or physically abuse her and that their actions were based solely, or in part, on DEFENDANTS' discriminatory and violative actions due to her race and color and in violation of her rights protected under the Constitution.

86. DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/JOHN DOES #1-8, acting under color of law, acted separately and in concert and without authorization of law.

16

DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8 , separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of her right to freedom from excessive force, illegal seizure of her person and freedom from abuse verbally and physically. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

87.    Each of the DEFENDANTS condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

88.    COUNTY and NCSD, DEFENDANTS COTTO, and, CORRECTION OFFICERS JANE/ JOHN DOES #1-8  through their actions, violated the due process rights guaranteed to Ms. Moore  under the Fourteenth Amendment of the United States Constitution.

89.    As a direct consequence of the of the actions of the Collective DEFENDANTS, Plaintiff suffered serious injuries, loss of time, loss of freedom, loss of quality of life,, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

90.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

17

91.     That by reason of the foregoing, Plaintiff has been placed in fear of her safety,   life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 - UNREASONABLE SEARCH AND SEIZURE CLAIM AND FALSE ARREST

92.     Plaintiff repeat and reiterate the allegations set forth in paragraphs 1 through 91 of this *Complaint* with the same force and effect, as if the same were fully set forth herein.

93.     The unlawful search conducted against the Plaintiff by  Defendants, COTTO, and, NCSD JOHN/JANE DOES #1-8 all of  whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, constituted an unreasonable search and seizure by the police officers as well as abuse of process.  Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff, to any unnecessary search and seizure, but failed to prevent the same, and breached their duty as law enforcement officers.

94.     As a consequence of Defendants' wrongful actions, negligent behavior and violation of federal laws, Plaintiff was deprived of her freedom, were subjected to great fear, terror, personal humiliation and degradation, and suffered great mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants.

95.     Defendant failed to have any reasonable basis in order to establish a reason for a

18

warrantless strip search of Plaintiff. Reasonable suspicion that the Plaintiff were concealing weapons or other contraband must be present to support a warrantees strip search. There was no reasonable suspicion that the Plaintiff were concealing weapons or other contraband. Defendants strip searched Plaintiff even though there was no individualized suspicion that she was secreting contraband on her person.

96.    That by reason of the foregoing, Plaintiffs have been damaged in a sum greater than five million ($5,000,000.00) dollars, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 - ABUSE OF PROCESS

97.    Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 96 of this *Complaint* with the same force and effect, as if the same were fully set forth herein.

98.    The Defendants, COTTO, and, NCSD Correction Officer JOHN/JANE DOES #1-8 all of whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, lacked reasonable suspicion to stop and detain the Plaintiff, and further lacked any probable cause to arrest or retain Plaintiff for any period of time, and abused process when Defendant when they used their system to search Ms. Moore's record and tell her that she hasn't been in trouble for a long time, and that they were going to lock her up and put her in the back. This process was further abused when Defendants denied Ms. Moore entry to visit even after their fruitless search.

99.    Without such probable cause, Defendants wrongfully arrested, confined, further detained and strip searched Plaintiff.

100.    The false arrest, wrongful confinement, and other wrongful acts conducted against the Plaintiffs by the Defendants constituted an unreasonable search and seizure by police officers, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. The Defendants negligently and recklessly breached their duty to prevent the commission of the civil rights violations perpetrated against Plaintiffs, including violations of 42 U.S.C. § 1983, as well as substantive and procedural due process infractions.

101.    Defendants were aware that the actions taken against the Plaintiffs were unnecessary, however, the Defendants continued to harass, and intimidate, the Plaintiff, by telling her she was going to be locked up and put in the back. There was an absolute lack of probable cause to handcuff and retain the Plaintiff in custody.

102.    As a result of said abuse of process, Plaintiff suffered physical damage, continued emotional damage, including prolonged stress and anxiety, fear and frustration, and Plaintiffs have been harmed momentarily in that they incurred attorney fees, and other expenses due to the detainment of Plaintiff.

103.    That by reason of the foregoing, Plaintiffs have been damaged in a sum greater than five million ($5,000,000.00) dollars, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1983- MUNICIPAL LIABILITY

104.    Plaintiff repeat and reiterate the allegations set forth in paragraphs 1 through 55 of this *Complaint* with the same force and effect, as if the same were fully set forth herein.

20

105. By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

106. Both before and after October 23, 2020, NASSAU COUNTY, Defendants COTTO, and NCSD CORRECTION OFFICERS JOHN/JANE DOES #1-8 all of whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, have systematically failed to identify the improper abuse, misuse, vocative acts by corrections officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, and/or restraint.

107. By permitting and assisting such a pattern of police misconduct, NASSAU COUNTY, Defendants COTTO, and, NCSD JOHN/JANE DOES #1-8 all of whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, and NASSAU COUNTY Troopers JOHN ROES #1-10 all of whom are known by name by Defendants, but are not known to Plaintiff, in their individual capacities, have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff' Fourth, Fifth and Fourteenth Amendment rights; to wit the Defendants NASSAU COUNTY, COTTO, and, NCSD JOHN/JANE DOES #1-8 all of whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, were encouraged to believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

21

108.    As a consequence of the Defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of her freedom and physically and emotionally harmed.

109.    As a proximate cause of the NASSAU COUNTY, Defendants, COTTO, and, NCSD JOHN/JANE DOES #1-8 all of whom are known by name by Defendants, but are not known to Plaintiff, in their official and individual capacities, custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said Plaintiff were further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to their emotional well being.

110.    In doing so, Defendants caused serious and unjustifiable harm to Ms. Moore

111.    That by reason of the foregoing, Plaintiffs have been damaged in a sum greater than five million ($5,000,000.00) dollars, as well as punitive damages, costs, and attorney's fees.

**AND AS FOR A SEVENTH COUNT**
**42 U.S.C. § 1983 - FAILURE TO INTERVENE**

112.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 112 of this Complaint with the same force and effect as though fully set forth herein.

113.    DEFENDANTS, COTTO, and NCSD CORRECTION OFFICERS JOHN/JANE DOES #1-8 knew or should have known that the use of unreasonable and excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to her under the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §1983.

22

114.    Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C.§ 1983 to prevent the false arrest, wrongful unreasonable and use of excessive force against the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

115.    DEFENDANTS, COTTO, and NCSD CORRECTION OFFICERS JOHN/JANE DOES #1-8 from the DEFENDANT COUNTY and NCSD failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

116.    Defendants, COTTO, and, NCSD CORRECTION OFFICERS JOHN/JANE DOES #1-8 from the DEFENDANT COUNTY and NCSD knew or should have known that the physical abuse of Ms. Moore  were violative of her Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

117.    Said    DEFENDANTS, COTTO, and NCSD CORRECTION OFFICERS JOHN/JANE DOES #1-8  had and continued to have the power to prevent the continued due process violations against Plaintiff yet they failed to prevent or to protect the Plaintiff from the unwarranted and potential injuries arising from that treatment.

118.    As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish,  property damage,  and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

119.    Plaintiff was forced to incur great expense due to the filing of this Complaint for

23

attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

120.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## DAMAGES AND RELIEF

**WHEREFORE**, the Plaintiff each request the following damages and relief:

a.    On the First Count in excess of the sum of five million ($5,000,000 ) dollars;

b.    On the Second Count in excess of the sum of five million ($5,000,000 ) dollars;

c.    On the Third Count in excess of the sum of five million ($5,000,000 )dollars;

d.    On the Fourth Count in excess of the sum of five million ($5,000,000 ) dollars;

e.    On the Fifth Count in excess of the sum of five million ($5,000,000) dollars;

f.    On the Sixth Count in excess of the sum of five million ($5,000,000) dollars;

g.    On the Seventh Count in excess of the sum of five million ($5,000,000) dollars;

h.    Compensatory and Punitive damages, as outlined in the aforementioned paragraphs and counts, as well as costs and attorneys fees pursuant to 42 U.S.C. § 1988, and as otherwise allowed by law; and,

j.    Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal

24

and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

k.      Any and all other relief this Court deems appropriate and just.

### JURY TRIAL DEMANDED

Dated:  Hempstead, New York
        October 19, 2023                          Respectfully submitted,

                                                  LAW OFFICES OF
                                                  FREDERICK K. BREWINGTON

                                          By:     *Frederick K. Brewington*
                                                  FREDERICK K. BREWINGTON
                                                  *Attorneys for Plaintiff*
                                                  556 Peninsula Boulevard
                                                  Hempstead, NY  11550
                                                  (516) 489-6959

25